Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

---

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 17 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
for the
11 District of Nothern Georgia
Atlanta Division

Case No. 1:19-CV-2259
*(to be filled in by the Clerk's Office)*

AMAL MARJANI BENNETT JUDGE

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

STATE OF GEORGIA, PAUL HOWARD, JULIANNA PETERSON, TRACE TV, CHILIVIS, COCHRAN LARKINS & BEVER LLP

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.  The Parties to This Complaint**

    **A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | AMAL MARJANI BENNETT JUDGE |
| Street Address | 444 SYCAMORE DRIVE |
| City and County | DECATUR DEKALB COUNTY |
| State and Zip Code | GEORGIA 30030 |
| Telephone Number | 404-551-8474 |
| E-mail Address | marjani.judge@gmail.com |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address *(if known)*     tbever@cclblaw.com

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question      ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Article 1 of the Constitution
Article 6 of the Constitution
18 U.S. Code § 875
18 US Code § 1084
Communication Act

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* AMAL MARJANI BENNETT JUDGE , is a citizen of the State of *(name)* FLORIDA .

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)*
   _____

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* PAUL HOWARD , is a citizen of the State of *(name)* GEORGIA . Or is a citizen of *(foreign nation)* UNITED STATES .

   b. If the defendant is a corporation
      The defendant, *(name)* PAUL HOWARD , is incorporated under the laws of the State of *(name)* GEORGIA , and has its principal place of business in the State of *(name)* 136 PRYOR STREET ATLANTA . Or is incorporated under the laws of *(foreign nation)* UNITED STATES , and has its principal place of business in *(name)* FULTON COUNTY COURT .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

   The amount is valued at $200,000 over alledged extortion and aggravated stalking that happened in the Republic of France. The case was judicated in France and the French court acquitted the defendant, the true victim of sexual assualt, abuse, and exploitation by the French Televison Company.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    The allegations occurred while the plaintiff was in the jurisdiction of the Republic of France and US Congress.

B. What date and approximate time did the events giving rise to your claim(s) occur?
    October 2015 to February 2016

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PAUL HOWARD |
| Job or Title *(if known)* | PROSECUTUR |
| Street Address | 136 PRYOR STREET |
| City and County | ATLANTA and FULTON COUNTY |
| State and Zip Code | GEORGIA and 30303 |
| Telephone Number | 404-612-4981 |
| E-mail Address *(if known)* | paul.howard@fultoncountyga.gov |

Defendant No. 2

| | |
|---|---|
| Name | JULIANNA PETERSON |
| Job or Title *(if known)* | ASSISTANT PROSECUTOR |
| Street Address | 136 PRYOR STREET |
| City and County | ATLANTA and FULTON COUNTY |
| State and Zip Code | GEORGIA and 30303 |
| Telephone Number | 404-612-4981 |
| E-mail Address *(if known)* | julianna.peterson@futoncountyga.gov |

Defendant No. 3

| | |
|---|---|
| Name | OLIVIER LAOUCHEZ |
| Job or Title *(if known)* | CEO OF TRACE TV |
| Street Address | 73, rue Henri Barbusse |
| City and County | CLICHY and NANTERRE |
| State and Zip Code | FRANCE and 92210 |
| Telephone Number | + 33 33 (0) 1 77 68 05 20 |
| E-mail Address *(if known)* | olaouchez@trace.tv |

Defendant No. 4

| | |
|---|---|
| Name | THOMAS D. BEVER |
| Job or Title *(if known)* | PARNER IN CHILIVIS COCHRAN LARKINS & BEVER LLP |
| Street Address | 3127 Maple Dr. NE |
| City and County | ATLANTA and FULTON COUNTY |
| State and Zip Code | GEORGIA and 30305 |
| Telephone Number | (404) 233-4171 |

PLEASE TAKE NOTICE that pursuant of 28 U.S. Code § 1455 and Rule 18 the government must prosecute an offense in a venue where the offense was committed.

The defendant propels the following: to prove that the hearsay against the defendant was gathered when she was not within the jurisdiction of France and the subject matter of Congress (Article 4). The victim, the defendant, has been accused by her former boss for extortion, stalking, and violation of a restraining order. How does a Georgia court have personal jurisdiction over someone who is a citizen of Florida in a civil case? The accuser, CEO of TRACE TV, lived in South Africa since 2010 and remained a citizen in France since 1964 while the defendant remains a citizen of the state of Florida since 2014.

The accuser and Georgia prosecutor attempted to Scarlet Letter the defendant because she decided to protest and exercise her first amendment rights to speak up about her experiences of sexual assault, harassment, and inequality across the transatlantic. The prosecutor and accuser both alleged that the crimes were committed when the victim was within the jurisdiction of Fulton County. However, the alleged crimes was committed when the defendant was in France and in the subject matter of Congress. Since the jurisdiction does not fit, the Fulton County court must acquit.

Furthermore, the defendant was tried by the accuser in France for stalking, extortion, and violation of a GA restraining order and the French Court dismissed the case and set her free. The case is currently being prosecuted in Atlanta when the defendant remained a citizen in Florida since 2014. Indeed, the Atlanta prosecutor is trying to bury a survivor of systemic inequality and injustice in the workplace that have kept underrepresented groups like her, the defendant, from reaching their fullest potential. Thus, the prosecutor in actuality does not have subject matter jurisdiction of constitutional questions of freedom of speech, freedom of expression, and freedom to assemble peacefully in a different country or jurisdiction to regulate alleged stalking through communications across the transatlantic. In light of all these accusations and ongoing witch hunts to take the country back in protecting the entitled French television executive, and legally lynching the defendant, the victim, requested Judge Shukura I Millender to make the prosecution prove that the prosecution can still pursue a crime that was supposedly committed in France and the subject matter of US Congress and Florida. The prosecution refuses to respond on record. Why? The jurisdiction does not fit.

The victim, Amal Bennett-Judge is a Florida citizen and registered voter in Florida since 2014. Her license is attached. She also had brought her passport to be examined by the Court to show the alleged extortion happened in France according to hearsay presented in the discovery. Since the jurisdiction does not fit, the Fulton County Court must acquit.

This REMOVAL TO FEDERAL COURT is the only way that the defendant will ensure that justice is served to both the accused, the victim, and the accuser, the perpetrator. However, if the Georgia State Prosecutor fails to provide evidence of subject matter jurisdiction of France, Florida and US District Court, then the court must not judicate.

The victim, the defendant, has gathered sufficient evidence with her US passport and Florida ID to show that the allegations are the subject matter of French Courts, Florida Court and the US District Court. In the discovery, the prosecutor only presents emails that are hearsay and unverifiable. The prosecutor never presents any witnesses in the discovery or witness list during pretrial motion even after numerous demands. Why? The supposed witnesses are all located in the jurisdiction of France and South Africa. Fulton County did not have the authority to adjudicate this further.

The French prosecutor and French Court have already dismissed the case to perpetuate further exploitation, harassment, discrimination, and abuse of the victim. The Fulton County prosecutor evidence of hearsay does not change the fact the location of the emails can not be verified. Indeed, the hearsay the prosecutor supposedly contains in discovery are the subject matter jurisdiction of either US Congress, Florida or the Republic of France. It is only a WRIT OF MANDAMUS that can save

America's native daughter from further harassment and exploitation, discrimination and abuse.

There are certain rights and obligations that are handled by state governments while others are left for the federal government. Internationals matters are exclusively left for the federal government. Therefore, just like in the Cherokee Nation v. Georgia case, there is nowhere in the US constitution where the state governments are given jurisdictions over international matters. Since the jurisdiction does not fit, the court must acquit.

Conclusion

The law exists to serve justice to every person who is under it. However, there are instances when a particular court lacks the mandate to hear a specific case. The defendant has provided the reasons why the Georgian Court cannot hear a case of a crime that happened in France or subject matter of US District Court. Indeed, for the reasons that have been stated above in line with Article 4 of the American constitution, it is clear that Georgia is overstepping its jurisdiction in State of Georgia vs Amal Bennett- Judge. Additionally, the statutes of Georgia, §101.161 are clear on the legal limits of the state. Yet still, the defendant had already been accused and tried in another jurisdiction, France, and cleared of the charges. Following these reasons, it is clear that the Georgia State Prosecutor should inform the Court why they still need to exploit the victim any further.

The Defendant respectfully required the FULTON COUNTY SUPERIOR Court to respond on record on subject matter jurisdiction during the pretrial motion. The prosecutor and judge stayed mute when asked to address the following case law on record:

- "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court". OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).
- "There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.
- "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.
- "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).
- "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.
- "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)
- "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.
- "The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.
- "A universal principle as old as the law is that a proceeding of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.
- "Jurisdiction is fundamental, and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.
- "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.
- "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.
- "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.
- "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

In closing, Orange should not be the defendant's new black, instead gold should be the new black, because her life matters too.

General Affidavit Form

I, AMAL MARJANI BENNETT JUDGE, under oath or affirmation make the following statements: The SUPERIOR COURT OF FULTON COUNTY does not have adequate subject matter or personal jurisdiction in the case presented against AMAL M BENNETT JUDGE.

Date: 5/17/2019

Signature of Defendant, Amal Bennett-Judge Pro Se
444 Sycamore Dr.
Decatur, GA 30030

### IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

The indigiant plantiff is seeking US District court's WRIT OF MANDAMUS to quash malfeasance and frivilosity by proving FULTON COUNTY SUPERIOR COURT has subject matter on diverse jurisdiction base on the following case law:

- "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court". OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).
- "There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.
- "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.
- "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).
- "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.
- "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)
- "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.
- "The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.
- "A universal principle as old as the law is that a proceeding of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.
- "Jurisdiction is fundamental, and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.
- "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.
- "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.
- "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.
- "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The indigiant plantiff ask the Court for a WRIT OF MANDAMUS, ANSWER OF QUO WARRENTO from the DEFENDANTS, QUASH AND REMOVAL TO CONGRESS, and RES JUDICATA.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  05/17/2019

Signature of Plaintiff  *Amal Bennett Judge* (signature)
Printed Name of Plaintiff  Amal Marjani Bennett-Judge

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address